```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      )
                              )
          v.                  )         1:16CR91-1
                              )
CHRISTOPHER LEE LONG          )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq., filed by Christopher Lee Long. (Doc. 13.) For the reasons set forth below, the court will dismiss Long's indictment without prejudice.

**I. BACKGROUND**

On March 28, 2016, Long was indicted on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 1.) On May 17, 2016, Long moved for a psychological evaluation. (Doc. 11.) The court granted the motion and entered an order on May 19, 2016, directing that Long be sent to a mental health facility for evaluation. (Doc. 12.)

Unfortunately, Long's psychological evaluation never occurred. The clerk of court's protocol calls for the clerk's office to deliver sealed orders to the United States Marshals Service ("USMS") for execution. (Doc. 14 at 2 n.3.) The deputy clerk responsible for transmitting the evaluation order does not recall providing the order to the USMS. Id. There is also no

record of delivery to the USMS.  Id.  The Government contends that it was unaware that Long was not transferred for a medical evaluation until the present motion was filed.  Id.

Long moved to dismiss his indictment on September 15, 2016, alleging violation of the Speedy Trial Act.  He contends that, because his trial has not occurred within the seventy-day time limit set forth in 18 U.S.C. § 3161(c)(1), his indictment must be dismissed.  (Doc. 13 at 4.)  The Government agrees.  (Doc. 14 at 3.)  While Long has not addressed the issue directly, the Government argues that dismissal should be without prejudice.  Id. at 4.

**II. ANALYSIS**

The Speedy Trial Act requires dismissal for a violation, but the statute expressly contemplates that some dismissals be entered without prejudice.  18 U.S.C. § 3162(a)(2).  Upon a violation, a court must consider three factors in considering which type of dismissal to enter: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a re-prosecution on the administration of this chapter and on the administration of justice.  Id.  While this list is not exhaustive, a district court's decision must be supported by clear application of these factors to the facts of the case.  United States v. Taylor, 487 U.S. 326, 337 (1988).  Neither remedy — dismissal with prejudice or without prejudice —

2

is presumptive. Id. at 335 n.8. In considering Long's motion, the court will evaluate each factor in turn.

### A.  The Seriousness of the Offenses

Long's charges of bank robbery are serious. The length of Long's maximum authorized penalty, twenty years for each count and forty years total, 18 U.S.C. § 2113(a), shows the seriousness of his charges. Baldwin v. New York, 399 U.S. 66, 68 (1970) (noting that, in deciding whether an offense is serious, "we have found the most relevant such criteria in the severity of the maximum authorized penalty"). In addition, the Fourth Circuit has recognized bank robbery to be serious. United States v. Nelson, 312 F. App'x 533, 535 (4th Cir. Feb. 25, 2009) ("[B]ank robbery is a serious offense . . . .").[1] Long does not dispute the seriousness of his charges.

### B.  Facts and Circumstances of the Case which Led to Dismissal

As to the second factor, the mix-up in the clerk of court's failure to deliver the examination order to the USMS — for which the court is dismissing Long's indictment — is an apparent result of administrative oversight. For this factor to weigh in favor of dismissal with prejudice, courts have ordinarily required conduct

---

[1] Unpublished opinions of the Fourth Circuit are not precedential. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (citation omitted)).

3

on behalf of the Government beyond mere inadvertence. Taylor, 487 U.S. at 339 (explaining that "something more than an isolated unwitting violation" is needed to alter the balance under the second factor). The Fourth Circuit has affirmed dismissals with prejudice upon findings that the Government acted "with a truly neglectful attitude." United States v. Harden, No. 97-4791, 1998 WL 390479, at *3 (4th Cir. June 26, 1998) (quoting Taylor, 487 U.S. at 338) (affirming dismissal with prejudice when delay was caused by prosecutor filing a motion for continuance that was explicitly disallowed by statute). But an error arising from an "unwitting violation" does not ordinarily warrant dismissal with prejudice. United States v. Hope, 202 F. Supp. 2d 458, 460-61 (2001) (citing United States v. Hernandez, 863 F.2d 239, 244 (2d Cir. 1988)). Moreover, "a truly neglectful attitude" differs from prosecutorial "neglect," which can arise from an avoidable but isolated error. United States v. Lewis, No. 3:09MJ133, 2010 WL 1727846 (E.D. Va. Apr. 28, 2010) (dismissing a criminal complaint without prejudice after prosecution failed to properly calculate the date by which it was required to present an indictment).

Other circuits have assessed culpability when applying the second factor. United States v. Stevenson, No. 15-1942, 2016 WL 4191134, at *4 (3d Cir. Aug. 9, 2016) (asking "[D]id it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch

4

in the prosecutorial process?" (citation omitted)); United States v. Cano-Silva, 402 F.3d 1031, 1036 (10th Cir. 2005) ("In determining whether the facts and circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay."); United States v. Blevins, 142 F.3d 223, 226 (5th Cir. 1998) ("Regarding the facts and circumstances leading to the dismissal, we look to whether the Government sought the resultant delays for ulterior purposes as well as whether the Government's failure to meet deadlines was repetitive, regular, and frequent with respect to this defendant."); United States v. Barnes, 159 F.3d 4, 18 (1st Cir. 1998) ("In fashioning the proper curative, we find dispositive that the crimes charged are grave, that there is no evidence of bad faith conduct on the part of the government, that the record reveals no actual prejudice to the defendant," noting that "administrative negligence" caused the violation, as opposed to "prosecutorial misconduct.").

This court is not the first to confront a violation arising from a clerk's failure to deliver an examination order. In United States v. Drain, No. 96-40042-01-RDR, 1997 WL 309131 (D. Kan. May 30, 1997), the court applied 18 U.S.C. § 3162(a)(2) to a Speedy Trial Act violation arising from a clerk's failure to deliver an examination order to the USMS. In applying the factors of 18 U.S.C. § 3162(a)(2), the court dismissed the defendant's indictment without prejudice. The court concluded that the

5

defendant's charges for felony drug possession, carrying a firearm during a drug transaction, and possession of firearm by a felon were serious. Drain, 1997 WL 309131, at *1. It also found that the clerk's "bureaucratic mistake" did not indicate any bad faith, neglect, or intentional dilatory conduct on behalf of the prosecution. Id. In applying the second factor, the court noted that the mistake was made by the court's staff (the clerk's office) and not the prosecution. Id.

Long does not charge, nor is there any evidence of, bad faith or intentional misconduct or delay on behalf of the Government. What the Government has characterized as a "clerical oversight" is essentially an inadvertence. There is no pattern of such lapses in this district; rather, the clerk's office has a practice of successfully delivering such orders to the USMS. (Doc. 14 at 2.) Only one other such instance historically in this district is noted, and it is, oddly, nearly contemporaneous. That instance is subject to a similar motion to dismiss[2] pending before the court. While both cases raise a substantial concern with this court, there is no evidence of bad faith or intentional conduct, and they are insufficient to constitute a "pattern of negligence."[3] Moreover,

---

[2] In United States v. Eltahir, case no. 1:16CR00170 (M.D.N.C.), Yasseen Mohamed Eltahir was indicted in June 2016, but the clerk's office either failed to deliver his examination order to the USMS or the USMS misplaced the order. Eltahir has moved to dismiss on the same grounds as Long.

[3] The clerk's office has since initiated an investigation to identify and address the deficiency.

6

the court notes that the initial request triggering the delay was not a motion by the Government, but by the Defendant.

This second factor therefore weighs against dismissal with prejudice.

**C.     Impact of a Re-prosecution**

Finally, the court must consider the impact of its dismissal on the administration of the Speedy Trial Act and the administration of justice. In applying this factor, the court must contemplate the need to deter the Government from future violations of the Speedy Trial Act. Taylor, 487 U.S. at 342. Dismissal with prejudice is not the only way of deterring future violations. Id. ("Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds.")

Mindful that the error occurred within the clerk's office, the court finds that the third factor weighs against dismissal with prejudice. Because the court finds the mistakes causing Long's violations to be isolated, dismissing the indictments with prejudice is unnecessary to serve the interests at stake. Dismissal without prejudice still advances the goals of the Speedy Trial Act and deters future prosecutorial misconduct. United States v. Reames, 40 F. App'x 861, No. 01-4967, 2002 WL 1611339, at *1 (4th Cir. July 23, 2002) ("[T]he purpose of deterring

7

prosecutorial misconduct and delay would be little served by barring reprosecution."). Much like the court in Drain, this court "is convinced that the particular mistake that occurred in the court's clerk's office which caused the problem in this case will not happen again." 1997 WL 309131, at *4.

The court also finds that the delay will not adversely impact the administration of justice. Any unwarranted delay, especially delay incurred while a defendant remains in custody, is unacceptable. But there is a mitigating consideration in this case. The underlying motion triggering the delay was filed by Long seeking a psychological evaluation. The U.S. Code requires such examinations to be performed within thirty days, but it also contemplates an extension for up to another thirty days upon a showing of good cause. 18 U.S.C. § 4247(b). Likewise, the Speedy Trial Act excludes from its seventy-day rule delays arising from mental competency examinations. 18 U.S.C.A. § 3161(h)(1)(A). In the court's experience, it is not unusual that the examining physician or psychologist requests such an extension in order to properly conduct the examination.

For all these reasons, this third factor favors dismissal without prejudice.

### III. CONCLUSION

Because all three factors weigh against dismissal with prejudice but in favor of dismissal without prejudice,

8

IT IS THEREFORE ORDERED that the Motion to Dismiss (Doc. 13) is GRANTED WITHOUT PREJUDICE.

/s/   Thomas D. Schroeder
United States District Judge

September 27, 2016